**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MOHAMMED SALEH,

        Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

        Defendant-Appellee,

and

F.N.U. BREAN, Officer; MICHAEL
COLLINS, Unit Manager; TERESA
HERMAN, ISM; RON WILEY, in his
individual capacity; SARA REVELL,
Warden, D. KRIST, SIA; JOHN DOE,

        Defendants.

No. 12-1468
(D.C. No. 1:09-CV-02563-PAB-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Mohammed Saleh, formerly an inmate at the United States Penitentiary,

Administrative Maximum Facility in Florence, Colorado ("ADX"), appeals (with

---

[*]     This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

assistance of counsel) from the district court's dismissal of his Federal Tort Claims Act ("FTCA") claim. Exercising jurisdiction under 28 U.S.C. § 1291, we now **affirm** the district court's order, concluding that Mr. Saleh forfeited his sole appellate issue by failing to raise that issue before the district court, and, because Mr. Saleh has not argued in his opening brief for our review under the plain-error standard, we decline to reach the issue.

## I

Mr. Saleh's lawsuit arises out of events transpiring in 2007 and 2008, while he was incarcerated at ADX. Broadly speaking, Mr. Saleh's claims are all related to an attack he suffered at the hands of another inmate—a member of the Aryan Brotherhood prison gang—on September 25, 2008. In his amended complaint, Mr. Saleh advanced two theories for why the government should be held liable for this attack under the FTCA. First, he claimed that the motive for the attack was his reputation as a "snitch"; this reputation was allegedly the product of an ADX staff member wrongfully distributing to other inmates unredacted copies of an administrative grievance that Mr. Saleh had filed. Mr. Saleh has not appealed from the district court's dismissal of this "dissemination claim." Aplt. Opening Br. at 4 n.3.

However, Mr. Saleh does pursue his second FTCA theory on appeal. The parties disagree over how to characterize Mr. Saleh's second theory. Both agree that, at least in part, Mr. Saleh's amended complaint alleged that ADX Warden

2

Ron Wiley acted negligently when he decided to *transfer* Mr. Saleh to the prison's D/B Transitional Unit ("D/B Unit"), where the attack took place.[1] The government contends—as it has throughout this litigation, and as the district court found—that the placement decision was *all* Mr. Saleh challenged. On the other hand, Mr. Saleh argues that this reading of his complaint was and is too narrow, and that "[a] plain and fair reading of Mr. Saleh's complaint . . . [is] that the claim . . . was that the United States . . . breached its duty to house [Mr. Saleh] in a safe environment by negligently failing *to protect him* from a substantial risk of serious harm while confined in the D/B unit." *Id.* at 12–13 (emphasis added).

The district court dismissed the second component of his FTCA claim (which we will refer to as the "D/B claim") under the so-called "discretionary-function exception" to the FTCA, which precludes government liability for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Applying the Supreme Court's two-part test for the exception articulated in *Berkovitz v. United States*, 486 U.S. 531 (1988), and *United States v. Gaubert*, 499 U.S. 315 (1991), the district court concluded that it

---

[1] The government informs us that transfer to the D/B Unit is part of ADX's "step-down program," which "provides prisoners with limited additional freedom as a prelude to eventual transfer out of the ADX." Aplee. Br. at 3 n.2.

3

lacked jurisdiction over the D/B claim because the decision to move Mr. Saleh to the D/B Unit was discretionary and fell within the exception. Following the district court's dismissal of Mr. Saleh's FTCA claim and entry of final judgment in September 2012,[2] Mr. Saleh timely filed a notice of appeal.

## II

On appeal, Mr. Saleh has asserted only one theory of reversible error—namely, that the district court should not have applied the discretionary-function exception because "[w]here the underlying facts supporting an FTCA claim are also sufficient to state a constitutional claim, . . . the discretionary function exception cannot bar a plaintiff's claim because federal officials do not possess discretion to violate constitutional rights." Aplt. Opening Br. at 9–10 (internal quotation marks omitted). Mr. Saleh does not argue that the district court's application of the test articulated in *Berkovitz* and *Gaubert* was incorrect; rather, he claims that "[t]he two-step test laid out [in those cases] is inapplicable . . . when the facts underlying the tort claim also allege a constitutional violation . . . ." *Id.* at 11 (footnote omitted).

At the outset, we observe that a necessary premise of Mr. Saleh's theory is that the D/B claim actually was based on facts that are also sufficient to state a constitutional violation. In this regard, Mr. Saleh argues that the D/B claim

---

[2] An amended entry of final judgment followed in April 2013.

alleged that Warden Wiley "knew of a threat to Mr. Saleh's safety in the D/B unit, but failed to take reasonable steps to ensure his protection," *id.* at 13 (citation omitted), and that the warden failed "to protect [Mr. Saleh] from a substantial risk of serious harm," *id.* Thus framed, the D/B claim's factual underpinnings could conceivably—though not necessarily—also form the basis for a deliberate-indifference Eighth Amendment claim.[3]

Even if we accept for the sake of argument Mr. Saleh's premise that the D/B claim was based on facts that could support a constitutional claim, we conclude that Mr. Saleh's legal argument about the inapplicability of the discretionary-function exception was *not* raised in the district court. And, further, Mr. Saleh makes no attempt before us in his opening brief to secure plain-error review of this late-blooming argument. In other words, he does not attempt to demonstrate that the district court's application of the discretionary-function exception constituted plain error and thus should be reversed.

**A**

Our precedent makes clear that "[w]here . . . a plaintiff pursues a new legal

---

[3] Under well-established law, prison officials' failure "to protect prisoners from violence at the hands of other prisoners" can be a violation of the Eighth Amendment where the conditions of incarceration "present an objective 'substantial risk of serious harm'" and "prison officials had subjective knowledge of the risk of harm." *Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (internal quotation marks omitted).

5

theory for the first time on appeal, that new theory suffers the distinct disadvantage of starting a least a few paces back from the block." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127 (10th Cir. 2011). Assuming the theory was not "intentionally relinquished or abandoned," and instead "simply wasn't raised before the district court," we generally treat it as forfeited. *Id.* at 1127–28. Because "we will reverse a district court's judgment on the basis of a forfeited theory only if failing to do so would entrench a plainly erroneous result," a party advancing such a theory "must establish the presence of (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1128. "In other words, where a [party] has forfeited an issue in the district court, in order to prevail in an appellate challenge regarding that issue, a [party] must make a sufficient showing of error under the plain-error standard." *United States v. McGehee*, 672 F.3d 860, 873 (10th Cir. 2012). If a party advancing a forfeited legal theory fails to argue plain error at all, "th[is] failure . . . surely marks the end of the road for an argument for reversal." *Richison*, 634 F.3d at 1131.

**B**

As we underscore below, Mr. Saleh failed to raise his argument about the inapplicability of the discretionary-function exception in the district court, thus forfeiting the argument. And, because Mr. Saleh does not assert plain error on appeal, we need not—and, indeed, do not—reach the merits of the argument.

6

The government first invoked the discretionary-function exception in this case in its motion to dismiss. That motion plainly set forth the exception and the Supreme Court's two-part test for applying it, and asserted unequivocally that the D/B claim was "[b]arred by [the] discretionary function exception." Aplt. App. at 41 (Def.'s Mot. to Dismiss, filed Oct. 15, 2010). Although Mr. Saleh contested the motion to dismiss, he did not make the argument he now advances on appeal. To be sure, Mr. Saleh did reference the Constitution in arguing that Warden Wiley's discretion should not protect him from liability:

> The discretion defendant Wiley . . . has does not shield him when he had ample time to act and protect the plaintiff[ ] from immediate danger but failed to protect and disregarded the recommendations of his own staff in violation[ ] of plaintiff's constitutional [r]ight by subjecting him to cruel and unusual punishment.

*Id.* at 86 (Pl.'s Resp. to Mot. to Dismiss, filed Dec. 20, 2010).[4]

---

[4]     Mr. Saleh employed similar language in his objection to the magistrate judge's recommendation:

> Defendant Wiley['s] discretion does not shield him when he had ample time to act and protect plaintiff from being assaulted and suffer[ing] a serious injur[y] which did happen to him.

> Defendant Wiley failed his duty to protect and cho[se] to disregard the recommendations of his own staff (SIS), which le[d] to plaintiff suffering . . . violations of his constitutional [r]ights by subjecting him to cruel and unusual punishment.

Aplt. App. at 154–55 (Pl.'s Objection to Magistrate Judge's Recommendation, filed Mar. 24, 2011).

But, even affording Mr. Saleh's responsive arguments the liberal construction they are due, by virtue of his submission of them pro se, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), we simply cannot conclude that Mr. Saleh advanced before the district court the specific legal argument he offers for our resolution on appeal. Mr. Saleh argued to the district court that *even though* Warden Wiley *had* discretion, he should be liable under the FTCA because his conduct resulted in the violation of Mr. Saleh's constitutional rights. Importantly, Mr. Saleh did not attempt to explain to the district court *why* the alleged constitutional violation should have the effect of permitting him to impose FTCA liability on Warden Wiley.

On appeal, however, Mr. Saleh fills this analytical lacuna and, in doing so, presents a quite different argument. Mr. Saleh explains *why* the purported constitutional violation that Warden Wiley committed exposes him to FTCA liability. Specifically, Mr. Saleh contends that the constitutional violation had the effect of rendering Warden Wiley's alleged misconduct, as a matter of law, *non-discretionary* because officials do not have the discretion to violate the Constitution. And, consequently, reasons Mr. Saleh, the FTCA's discretionary-function exception categorically does not apply to Warden Wiley's conduct and he is subject to FTCA liability. *See* Aplt. Opening Br. at 8 (noting that, because federal officials do not have the discretion to violate rights that the Constitution safeguards, "the discretionary function exception to the FTCA does not apply").

8

In other words, contrary to Mr. Saleh's position before the district court, at least in the eyes of the law, Warden Wiley's conduct was *not* discretionary at all.

Without addressing the merits of Mr. Saleh's two arguments, it is patent that they are analytically distinct. Mr. Saleh's argument to the district court was that some abuses of discretion that result in a constitutional violation should—for unexplained reasons—fall outside the scope of the discretionary-function exception. However, Mr. Saleh's argument here is that, to the extent a defendant official's conduct results in a constitutional harm, that official cannot be said, as a matter of law, to have committed a discretionary act because officials do not possess the discretion to commit constitutional harms. And, therefore, the FTCA's discretionary-function exception does not insulate that official from liability.

We would have to engage in a bold act of legerdemain—not liberal construction—to interpret Mr. Saleh's two arguments as being conterminous. And, if we did that, we necessarily would be acting as Mr. Saleh's advocate—a role that we have repeatedly declined to adopt when reviewing pro se filings. *See, e.g.*, *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Morever, even if we were to accept the premise that these two arguments are somewhat related, that would not avail Mr. Saleh. Our caselaw is clear that it is not enough to save an argument—raised for the first time on appeal—from being considered forfeited

9

for that argument to be "closely related" to the argument presented to the district court. *See United States v. Burke*, 571 F.3d 1048, 1057 (10th Cir. 2009); *see also Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721–22 (10th Cir. 1993) (discussing "what kind of specificity is required in the trial court in order to preserve an issue for appeal" and noting that "we have consistently turned down the argument that the raising of a related theory was sufficient").

Having forfeited the legal theory advanced on appeal, Mr. Saleh also fails in his opening brief to explicitly invoke plain-error review, much less demonstrate that the district court plainly erred. Indeed, Mr. Saleh does not even use the term "plain error" in his opening brief. In his reply brief, Mr. Saleh does use the term "plain error" in the context of a preservation argument. However, it is axiomatic that arguments advanced for the first time in a reply brief come too late. *See, e.g.*, *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived.").

Moreover, even if this determinative failing could be overlooked, Mr. Saleh's preservation argument in his reply brief would not be sufficient to merit our consideration. His preservation argument in his reply brief is not pellucid, and it is far from clear that Mr. Saleh is focused on the same preservation problem discussed above—*viz.*, whether he raised before the district court the argument that the discretionary-function exception is inapplicable because a

federal official lacks the discretion to commit a constitutional violation. Specifically, Mr. Saleh contends that the "district court's mischaracterization of [his] FTCA claim constituted plain error." Aplt. Reply Br. at 9. Mr. Saleh does not lucidly elaborate on the nature of this purported mischaracterization. And, in making his preservation argument, Mr. Saleh certainly does not purport to apply the four prongs of the plain-error standard.

Therefore, even if Mr. Saleh's silence in his opening brief did not firmly shut the door on any plain-error argument—which it has—we would conclude that Mr. Saleh's argument in his reply brief is woefully insufficient to raise a viable plain-error contention regarding the late-blooming argument at issue. That is, Mr. Saleh offers no colorable plain-error argument to overcome the government's assertion that he "never clearly raised the question of whether his FTCA claim could defeat the discretionary function exception based upon an alleged underlying constitutional violation." Aplee. Br. at 18. Under our caselaw, Mr. Saleh's failure to make a colorable showing of plain error is fatal to his appeal. *See Richison*, 634 F.3d at 1131.

### III

In sum, Mr. Saleh has relied entirely on appeal on an argument that he did not make in the district court—*viz.*, he has relied on an argument that we may properly deem forfeited. And Mr. Saleh has made no attempt to show in his

11

opening brief that the requirements of the plain-error standard are satisfied. Therefore, for the reasons explicated above, we decline to consider the merits of Mr. Saleh's argument, and leave the district court's judgment undisturbed. We **AFFIRM**.

Entered for the Court

JEROME A. HOLMES
Circuit Judge